

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00073-CR

_____

JIMMY ZAVALA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-433,926; Honorable John J. McClendon III, Presiding

December 29, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea bargain, Appellant, Jimmy Zavala, was convicted of evading arrest or detention with a vehicle, a third degree felony,[1] and assessed a two year sentence, suspended in favor of three years community supervision. The terms and conditions of community supervision were amended a few months later to address substance abuse issues. By its *Third Amended Motion to Revoke Community*

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A), § 12.35(a) (West Supp. 2016).

*Supervision*, the State alleged that Appellant violated numerous conditions of his community supervision. At the hearing on the State's motion, Appellant entered pleas of true to all but one allegation—"fail[ure] to ID fugitive intent to give false info." After hearing testimony, the trial court found all of the State's allegations to be true and revoked Appellant's community supervision and sentenced him to two years confinement. In presenting this appeal,[2] counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this court granted Appellant an

---

[2] The Texas Court of Criminal Appeals granted Appellant this out-of-time appeal.

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

By the *Anders* brief, counsel represents there are no arguable issues to present and concedes the evidence is sufficient to support revocation.

3

The testimony of a police officer established that while Appellant was on community supervision, he was the subject of a noise complaint. During the investigation, Appellant gave the officer a false name. Upon learning Appellant's identity, the officer discovered two active warrants. Appellant was arrested for failing to properly identify himself as a fugitive. The officer further testified that a month after that offense, Appellant was stopped for defective headlights. He was driving with an invalid license and given a citation.

Appellant's community supervision officer testified that Appellant did not comply with some of the amended terms and conditions of community supervision related to his substance abuse issues as well as the initial terms and conditions.[5] Appellant failed to report, he did not complete his mandatory hours of community supervision, and he did not provide proof of employment.

Another community supervision officer who had previously supervised Appellant on a prior case in 2011 and 2012 testified Appellant did not comply with the terms and conditions on that case and was revoked on her recommendation. She testified that Appellant was exhibiting the same non-compliant behavior as in the previous case.

Appellant testified he worked in residential construction and was currently on a remodeling job with future jobs lined up. Appellant admitted he "just screwed up" and wanted another chance. He testified he was undergoing outpatient treatment and attending counseling but had lost his paperwork on his community service. He claimed to "have changed [his] life around."

---

[5] Appellant's test results and drug screens were negative; however, he testified he had a problem with drinking but testified he had stopped.

Appellant's response to the failure to identify as a fugitive charge was that the officer was lying and that he was mistaken for his brother. He also testified he had provided documentation to the community supervision officer of compliance with some of the terms and conditions of community supervision.

Based on the evidence presented and Appellant's plea of true to all but one of the State's allegations, the trial court did not abuse its discretion in revoking community supervision and sentencing Appellant to two years confinement—within the statutory range for a third degree felony.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.

5